IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN LEE BURROUGHS | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROSE BURROUGHS | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No: 4:07cv1944MLM |
| | ) | |
| vs. | ) | |
| | ) | |
| MACKIE MOVING | ) | JURY TRIAL DEMANDED |
| SYSTEMS CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFFS THIRD AMENDED COMPLAINT

Come now Plaintiffs, and for their cause of action against Defendants Mackie

Moving Systems Corporation, Zurich American Insurance Company, and Amco

Insurance Company states to the Court as follows:

FACTS COMMON TO ALL COUNTS

1.      Plaintiff John Burroughs resides at 308 West Milton Street, New Florence,

MO 63363.

2.      Plaintiff Rose Burroughs, John Burrough's wife, resides at 308 West

Milton Street, New Florence, MO 63363.

3.      At the time of this crash, both Plaintiffs resided at 308 West Milton Street,

New Florence, MO 63363.

4.     At all times herein mentioned, Defendant Mackie Moving Systems Corporation will be referred to as Mackie.

5.     Mackie is a Canadian company with its business address being 933 Bloor Street West, Oshawa, ON L1J5Y7.

6.     At all times herein mentioned and at the time of this crash, Mackie was acting individually and through its agents, servants, and/or employees, each of whom were acting within the course and scope of their employment with Mackie.

7.     Mackie, individually, and through its agents, servants, and employees, at the time of this crash, were engaging in the business of a motor carrier in both intrastate and interstate commerce on Interstate Highway 70 eastbound in St. Charles, County, MO at the time of this crash.

8.     Venue is proper in this Court since this incident happened in St. Charles, County, MO.

9.     Jurisdiction is proper with this Court since Plaintiffs are from Missouri, Defendant is from Canada, and the amount in controversy is in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) excluding costs and expenses.

10.     Missouri has adopted the Federal Motor Carrier Safety Regulations.

11.     At all times herein mentioned and at the time of this crash, Defendant Mackie is/was an interstate common carrier, motor carrier, and trucking transport company subject to the Federal Motor Carrier Safety Regulations.

12.     Mackie and its agents, servants, and employees, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations, including but not limited to, the sections thereof set forth

2

herein.

13.     At all times herein mentioned, Joseph Fred Currie (hereinafter referred to as Currie), was a Canadian resident living at 205 Campbell Street, Listowel, ON N4W1H9.

14.     At the time of this incident and at all times herein mentioned, Currie was operating a tractor trailer as an agent, servant, and employee of Mackie.

15.     At all times herein mentioned, Mackie is/was a foreign corporation or entity with its principal place of business located in Canada.

16.     At all times herein mentioned, Mackie was acting individually and through its agents, servants, and/or employees, including Currie.

17.     At all times herein mentioned Currie was hired by Mackie to drive a commercial motor vehicle (tractor trailer) and was directed by Mackie to transport various loads in interstate commerce.

18.     At all times herein mentioned, and at the time of this incident, Mackie, individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated a 2003 Peterbilt tractor that caused this incident.

19.     At all times herein mentioned, Mackie owned, operated, maintained, managed, and controlled the 2003 Peterbilt.

20.     On or about March 9, 2007, Plaintiff John Burroughs was operating a tractor trailer on Highway 70 eastbound in St. Charles County, MO.

21.     At the above stated date and time, Currie, the agent, servant, employee, and operator of the Mackie tractor trailer, swerved into Plaintiff's lane, crashed into Plaintiff, and caused Plaintiff to lose control of the tractor trailer Plaintiff was operating.

22.     Plaintiff's tractor trailer began swerving violently as a direct and proximate result of Currie swerving into Plaintiff's lane and Plaintiff's tractor trailer impacted the concrete median.

23.     Plaintiff suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this incident.

24.     Interstate Highway 70 at the incident location is a much traveled, open, and publicly dedicated state highway and thoroughfare in the State of Missouri.

25.     The described incident was federally recordable and State reportable against Mackie.

26.     The negligence of Mackie, and the negligence of its agents, servants, and employees, as described herein, directly and proximately, caused or contributed to cause injury to Plaintiff, which includes severe injuries to his head, neck, back, and spine.

27.     All of Plaintiff's injuries are painful, permanent and disabling.

28.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Mackie, and its agents, servants, and employees, Plaintiff's ability to work, labor and enjoy life has been destroyed and is permanently impaired.

29.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Mackie, and its agents, servants, and employees, Plaintiff was caused to undergo necessary medical care and treatment in excess of TEN THOUSAND ($10,000.00) to date and will be further obligated to undergo such care and treatment in the future in an amount that is not currently fully known, but is reasonably expected to be substantial.

30.     As a direct and proximate result of this incident and as a direct and proximate result of the negligence of Mackie, its agents, servants, and employees, Plaintiff has sustained a combined, current and future wage loss in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

WHEREFORE Plaintiffs pray judgment in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate them for their injuries, plus aggravated (punitive) damages, and Missouri prejudgment interest, together with their costs and for such other relief this Court deems just and proper under the circumstances.


<u>COUNT I</u>
<u>NEGLIGENCE</u>

COME NOW Plaintiffs and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the Facts Common to All Counts as if they were set forth herein at length and further states:

31.     At the time of this crash, and at all times herein mentioned, Currie was acting in the course and scope of his employment with Mackie as a tractor trailer driver, agent, servant, and employee, and Mackie is vicariously liable for the actions of Currie, its agent, servant, and employee.

32.     That on March 9, 2007, at the time of this crash, Currie was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Mackie, and all of the acts of negligence on the part of

Currie were committed within the course and scope of his agency and employment of, with and for Mackie.

33.    At the time of this crash, Mackie, through its agents, servants, and employees, negligently operated the tractor trailer that caused this incident on the above stated date and time by:

a)    Failing to ensure that they had adequate line-of-sight of other vehicles;

b)    Failing to keep a proper lookout for warnings, other vehicles and obstructions;

c)    Failing to take proper remedial action which could have avoided this collision or minimized the impact;

d)    Driving at an, unsafe, excessive and dangerous rate of speed;

e)    Operating the tractor trailer without adequate training and experience;

f)    Failing to have the tractor trailer under proper control;

g)    Failing to stay in the proper lane on the roadway;

h)    Driving while tired and/or fatigued;

i)    Operating Defendants' Truck over the amount of hours allowed by the Federal Motor Carrier Safety Regulations; and

j)    Failing to sound a horn or alert Plaintiff before crashing into Plaintiff.

34.    At the time of this crash, while in the course and scope of his employment with Mackie, Currie drove the tractor trailer on a public street, road, thoroughfare, and highway in such a manner that he could not stop in time to avoid causing this incident.

35.     At the time of this crash, while in the course and scope of his employment with Mackie, Currie failed to be diligent at all times and failed to drive at such a rate of speed and with such control that he could stop within the distance required to avoid this incident.

36.     Each negligent act or omission by Mackie and Currie, and each of them, as described in the above paragraphs and the below paragraphs, acting separately or in combination, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff.

37.     As a direct and proximate result of the negligence of Mackie and Currie, as set forth above and herein, the tractor trailer Currie was driving swerved into Plaintiff's lane causing this crash.

38.     As a direct and proximate result of the negligence of Mackie and Currie, either solely, individually, or jointly, severally and in combination with the negligence of each other, as set forth and alleged herein and hereinafter, Plaintiff was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

39.     Mackie and Currie knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury.

40.     Mackie failed to properly train Defendant Currie, and he was not properly qualified to operate the tractor trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and intentional and shows a complete indifference and conscious disregard for

the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

41.    The operation of the tractor trailer by Currie and the manner in which it was operated on the public roadways, was willful, wanton, reckless and intentional, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

42.    The conduct of Mackie and Currie described herein, specifically including violations of the Federal Motor Carrier Safety Regulations, as well as other acts and omissions of Mackie and Currie as described herein, was willful, wanton, reckless and intentional, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

43.    Because of Mackie and Currie's willful, wanton, reckless and intentional behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

44.    Mackie and Currie's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

45.    Mackie and Currie's violations of numerous Federal Motor Carrier Safety Regulations as described herein caused or contributed to cause this crash.

46.     Mackie has a history of Federal Motor Carrier Safety Regulation violations, which shows a complete indifference to and conscious disregard for the safety of the motoring public.

WHEREFORE Plaintiffs pray judgment in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate them for their injuries, plus aggravated (punitive) damages, and Missouri prejudgment interest, together with their costs and for such other relief this Court deems just and proper under the circumstances.


## COUNT II
## NEGLIGENT HIRING, TRAINING, SUPERVISING & RETAINING

COME NOW Plaintiffs and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length and further states:

47.     Mackie owed the general public, including Plaintiff, a duty to properly, diligently and adequately screen potential drivers in order to determine the qualifications of its agents, servants, and employees, and such duties include, but are not limited to:

    a.     Adequately evaluating applicants before hiring them as truck drivers and agents, servants, and employees;

    b.     Adequately training and supervising said agents, servants. and employees; and

    c.     Adequately evaluating the employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property.

48.     Mackie owed the general public, including Plaintiff, a duty to see, confirm and require that Currie's employment application was truthfully, accurately and fully completed.

49.     Pursuant to the Federal Motor Carrier Safety Regulations, Defendant owed the general public, including the Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

     a.     Adequately evaluating Currie's performance, including thorough training and supervision, and to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he injured the public or property.

50.     Pursuant to the Federal Motor Carrier Safety Regulations, Defendants, and each of them, had the following statutory duties:

     a.     To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. 391.21;

     b.     To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. § 391.23(a)(2), 391.23(c);

     c.     To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. § 391.23(a); and

     d.     To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. § 391.31(a).

51.     Defendant had a duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles.

52.     Mackie breached its duty to the general public, including the Plaintiff, by their negligent and careless hiring, training, supervising, and retaining Currie, Mackie's agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash.

53.     Mackie failed to properly train their agents, servants and employees, including Currie, in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of a commercial motor vehicle and trailer.

54.     Mackie breached each of the above and below listed Safety Regulations, Codes, and/or Statutes and their required obligations pursuant to said Safety Regulations, Codes, and/or Statutes and permitted Currie to drive Defendant's tractor trailer after negligible efforts, if any, to determine whether Currie was competent and fit to drive its trucks.

55.     Mackie failed to properly instruct and train their agents, servants, and employees (including Currie) how to properly and safely operate Mackie's tractor trailer.

56.     Mackie failed to provide safety courses to their agents, servants, and employees (including Currie) on how to safely operate Defendant's tractor trailer .

57.     Mackie failed to provide continuing safety courses to their agents, servants, and employees (including Currie) on trucking safety issues.

58.     The actions and omissions of Mackie relating to this crash were willful, wanton, reckless and intentional, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

11

59.     Defendant's willful, wanton, reckless and intentional behavior, and for Defendant's complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendants and to deter others from similar conduct.

60.     Plaintiff's injuries were directly and proximately caused by the negligence of Defendant and Defendant's breach of and failure to comply with Defendant's duties, including Defendant's duties to comply with the above referenced Safety Regulations, Codes, and/or Statutes.

61.     Demand has been made under the Missouri Prejudgment Interest statute, to date that demand has been denied.

WHEREFORE Plaintiffs pray judgment in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate them for their injuries, plus aggravated (punitive) damages, and Missouri prejudgment interest, together with their costs and for such other relief this Court deems just and proper under the circumstances.


COUNT III
NEGLIGENCE PER SE

COME NOW Plaintiffs and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph above as if they were set forth herein at length and further states:

62.     Section 304.012.1., RSMo., provides as follows:

> i.  Every person operating a motor vehicle
>     on the roads and highways of this state
>     shall drive the vehicle in a careful and
>     prudent manner and at a rate of speed so

as not to endanger the property of another
or the life or limb of any person and shall
exercise the highest degree of care.

63.      Defendant was negligent per se in that Defendant operated Defendant's

tractor trailer Truck in violation of said Section by (a) failing to operate Defendants'

Truck in a careful and prudent manner; (b) by operating Defendants' Truck at a rate of

speed which endangered the property and life of other persons, especially including

Plaintiff, and (c) by failing to exercise the highest degree of care.

64.      Section 304.012 and Title 49, Code of Federal Regulations, were

promulgated to protect motor vehicle passengers and to make the state highways safe for

travel in the State of Missouri, and to avoid collisions and the injuries that result from

collisions.

65.      At the time of the above described collision, Plaintiff was a member of the

class of persons said Sections 304.012 and Title 49, Code of Federal Regulations were

intended to protect, and the injuries Plaintiff sustained, which are more fully described

herein, are the type of injuries said Section 304.012 and Title 49, Code of Federal

Regulations were designed to prevent.

66.      As a direct and proximate result of the carelessness and negligence of

Defendant and by Defendant's violations of section 304.012 and Title 49, Code of

Federal Regulations, Plaintiff suffered injuries described herein.

67.      That one or more of the acts or omissions alleged in this Count, directly

and proximately caused, or contributed to cause the collision described herein, and the

injures to Plaintiff described herein.

WHEREFORE Plaintiffs pray judgment in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate them for their injuries, plus aggravated (punitive) damages, and Missouri prejudgment interest, together with their costs and for such other relief this Court deems just and proper under the circumstances.

<u>COUNT IV</u>

<u>UNINSURED MOTORIST COUNT AGAINST DEFENDANT ZURICH AMERICAN INSURANCE COMPANY</u>

COMES NOW Plaintiff John Burroughs and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph above as if they were set forth herein at length and further states:

68.     Jurisdiction is proper over Defendant Zurich American Insurance Company pursuant to 28 USC § 1367.

69.     That at all times relevant, Defendant Zurich American Insurance Company insured the motor vehicle driven by Plaintiff John Burroughs at the time of his collision.

70.     That at all times relevant, the applicable insurance coverage provided by Defendant Zurich American Insurance Company provided for uninsured motorist coverage.

71.     That the above referenced uninsured motorist coverage insured Plaintiff John Burroughs at the time of the collision as he was operating the vehicle.

72.     That the above referenced uninsured motorist coverage insured Plaintiff John Burroughs for injuries caused by the negligence, whether in or whole or part, of phantom motorists.

14

73.     That Plaintiff's injuries were caused in whole or part by a phantom motorist.

74.     That Plaintiffs have provided Defendant Zurich American Insurance Company with a recorded statement of witness Lois Rohan.

75.     Witness Rohan indicated in the statement that she had just exited the off-ramp when the car in front of her moved into the left lane thereby causing another car to move towards the truck driven by Defendant Mackie Moving Systems.

76.     At this point, Defendant Mackie Moving Systems swerved into Plaintiff John Burroughs lane causing Plaintiffs' injuries.

77.     Witness Lois Rohan is also quoted in the police report as stating "A car in front of me went left without any room and a pickup in the next lane swerved into the lane to the left.  Then that big truck went over into the other one's lane."

78.     The identity of the car in front of witness Lois Rohan is unknown and constitutes a phantom motorist pursuant to the terms and conditions of Defendant Zurich American Insurance Company's policy.

79.     Plaintiff John Burroughs has satisfied all conditions precedent to recover under the uninsured motorist coverage provided by Defendant Zurich American Insurance Company.

WHEREFORE Plaintiff John Burroughs prays judgment against Defendant Zurich American Insurance Company in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate them for his injuries together with their costs and for such other relief this Court deems just and proper under the circumstances.

<u>COUNT V</u>

<u>VEXATIOUS REFUSAL TO SETTLE AGAINST DEFENDANT ZURICH
AMERICAN INSURANCE COMPANY</u>

COMES NOW Plaintiff John Burroughs and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph above as if they were set forth herein at length and further states:

80.    As a result of the wreck, Plaintiff John Burroughs has incurred in excess of $100,000.00 in medical expenses.

81.    Plaintiff John Burroughs has not been gainfully employed since the wreck.

82.    Plaintiff John Burroughs will not be able to be gainfully employed in the future because of the wreck.

83.    Plaintiff John Burroughs has a past and future lost wage claim of $318,921.00.

84.    Defendant Zurich American Insurance Company's uninsured motorist policy limit is $25,000.00.

85.    Defendant Zurich American Insurance Company's policy limits are well below Plaintiff John Burroughs damages.

86.    Defendant Zurich American Insurance Company has a responsibility to treat its insureds fairly.

87.    Defendant Zurich American Insurance Company has a responsibility to consider an insured's claim promptly.

88.    Defendant Zurich American Insurance Company has a responsibility to pay its applicable uninsured motorist limits when an accident is caused in whole or part by a phantom motorist and its insured's damages exceed the policy limits.

89.    On January 29, 2009 Plaintiffs sent a letter to Zurich North America addressed to their Claims Dept, 13810 FNB Parkway, Omaha, NE 68154.

90.    Defendant Zurich American Insurance Company maintains and office at 13810 FNB Parkway, Omaha, NE 68154.

16

91.     Said letter included a demand for settlement for the lesser of $3,500,000.00 or the uninsured policy limits.

92.     Attached with the letter were the police report, the witness statements of Lois Rohan and Robert Donovan, all of Plaintiff John Burroughs medical records and medical bills related to this wreck, the report of Dr. Terry Cordray, and the report of Dr. Leroy Grossman.

93.     Plaintiffs indicated the demand was going to expire at 12am CST on the 31st day after Defendant Zurich American Insurance Company's receipt.

94.     The same letter was also sent to Zurich North America c/o GAB Robins N.A., Attn: Jim Murgaugh, 9 Campus Drive, Parsippany, NJ 07054 on January 29, 2009.

95.     Defendant Zurich American Insurance Company received the settlement demand.

96.     Defendant Zurich American Insurance Company never responded to Plaintiffs demand.

97.     On May 19, 2009, Plaintiffs hand-delivered to counsel for Defendant Zurich American Insurance Company correspondence indicating Plaintiff's ability to extend their offer to settle for the $25,000.00 policy limits to May 26, 2009.

98.     To date, Defendant Zurich American Insurance Company has refused to pay the $25,000.00 uninsured motorist policy limits.

99.     Defendant's refusal to pay Plaintiff the $25,000.00 uninsured policy limits is vexatious in that it is without reasonable cause or excuse.

WHEREFORE, Plaintiff prays for a judgment against Defendant Zurich American Insurance Company for an additional amount as a penalty not to exceed twenty percent of the first $1,500.00 of Plaintiff John Burroughs damages including interest and ten percent of the remainder of such award and for an award to Plaintiff of a reasonable sum for attorney's fees, for Plaintiff's costs incurred and expended herein, and for such other and further relief deemed appropriate under the circumstances.

<u>COUNT VI</u>

<u>UNINSURED MOTORIST COUNT AGAINST DEFENDANT ALLIED PROPERTY
AND CASUALTY INSURANCE COMPANY</u>

COMES NOW Plaintiff John Burroughs and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph above as if they were set forth herein at length and further states:

100.    Jurisdiction is proper over Defendant Allied Property and Casualty Insurance Company pursuant to 28 USC § 1367.

101.    That at all times relevant, Defendant Allied Property and Casualty Insurance Company personally insured Plaintiffs under policy number PPCM0014673752-3.

102.    That at all times relevant, the applicable insurance coverage provided by Defendant Allied Property and Casualty Insurance Company provided for uninsured motorist coverage.

103.    That the above referenced uninsured motorist coverage insured Plaintiff Allied Property and Casualty Insurance Company at the time of the collision as he was operating the vehicle.

104.    That the above referenced uninsured motorist coverage insured Plaintiff John Burroughs for injuries caused by the negligence, whether in or whole or part, of phantom motorists.

105.    That Plaintiffs injuries were caused in whole or part by a phantom motorist.

106.    Plaintiff John Burroughs has satisfied all conditions precedent to recover under the uninsured motorist coverage provided by Allied Property and Casualty Insurance Company.

WHEREFORE Plaintiff John Burroughs prays judgment against Defendant Zurich American Insurance Company in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate them for his injuries together with their costs and for such other relief this Court deems just and proper under the circumstances.

<u>COUNT VII</u>
<u>VEXATIOUS REFUSAL TO SETTLE AGAINST DEFENDANT AMCO INSURANCE COMPANY</u>

COMES NOW Plaintiff John Burroughs and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph above as if they were set forth herein at length and further states:

107.    As a result of the wreck, Plaintiff John Burroughs has incurred in excess of $100,000.00 in medical expenses.

108.    Plaintiff John Burroughs has not been gainfully employed since the wreck.

109.    Plaintiff John Burroughs will not be able to be gainfully employed in the future because of the wreck.

110.    Plaintiff John Burroughs has a past and future lost wage claim of $318,921.00.

111.    At all times relevant, Defendant Amco Insurance Company had issued a automobile insurance policy to Plaintiffs which included uninsured motorist coverage.

112.    The uninsured motorist coverage had limits of $50,000.00 per person and $100,000.00 per occurrence.

113.    Plaintiffs had three cars insured under the policy with Defendant Amco

Insurance Company.

114.   Missouri law allows Plaintiff to stack is uninsured motorist coverage for each car on the policy.

115.   Pursuant to the stacking of his uninsured motorist coverage, Plaintiff had a per person uninsured motorist coverage of $150,000.00 with Defendant Amco Insurance Company which was in effect at the time of this collision.

116.   Defendant Amco Insurance Company's policy limits are well below Plaintiff John Burroughs damages.

117.   Defendant Amco Insurance Company has a responsibility to treat its insureds fairly.

118.   Defendant Amco Insurance Company has a responsibility to consider an insured's claim promptly.

119.   Defendant Amco Insurance Company has a responsibility to pay its applicable uninsured motorist limits when an accident is caused in whole or part by a phantom motorist and its insured's damages exceed the policy limits.

120.   Defendant Amco Insurance Company has a responsibility to put its insureds own financial interests ahead of its own.

121.   Defendant Amco Insurance Company has an internal policy to treat its insureds fairly.

122.   Defendant Amco Insurance Company has an internal policy to consider an insured's claim promptly.

123.   Defendant Amco Insurance Company has an internal policy to pay its applicable uninsured motorist limits when an accident is caused in whole or part by a phantom motorist and its insured's damages exceed the policy limits.

124.   Defendant Amco Insurance Company has an internal policy to put its insureds own financial interests ahead of its own.

125.   On January 29, 2009 Plaintiffs sent a letter to Defendant Amco Insurance addressed to Allied Insurance, Attn: Claims Dept., 1100 Locust St., Des Moines, IA 50391-1100.

126.    Defendant Amco Insurance Company maintains and office at ., 1100 Locust St., Des Moines, IA 50391-1100.

127.    Said letter included a demand for settlement for $150,000.00.

128.    Attached with the letter were the police report, the witness statements of Lois Rohan and Robert Donovan, all of Plaintiff John Burroughs medical records and medical bills related to this wreck, the report of Dr. Terry Cordray, and the report of Dr. Leroy Grossman.

129.    Plaintiffs indicated the demand was going to expire at 12am CST on the 31st day after Defendant's receipt.

130.    Defendant Amco Insurance Company received the settlement demand.

131.    Defendant Amco Insurance Company never responded to Plaintiffs demand.

132.    On May 19, 2009, Plaintiffs hand-delivered to counsel for Defendant Amco Insurance Company correspondence indicating Plaintiff's ability to extend their offer to settle for the $150,000.00 policy limits to May 26, 2009.

133.    At the request of Defendant Amco Insurance Company's attorney's, Plaintiff sent a letter on May 21, 2009 again extended their offer to settled for the $150,000.00 uninsured motorist policy limits to June 19, 2009.

134.    As of July 31, 2009, Defendant Amco Insurance Company not responded to Plaintiffs multiple demands for settlement under their uninsured motorist coverage.

135.    Defendant Amco Insurance Company's refusal to pay Plaintiff the $150,000.00 uninsured policy limits is vexatious in that it is without reasonable cause or excuse.

WHEREFORE, Plaintiff prays for a judgment against Defendant Amco Insurance Company for an additional amount as a penalty not to exceed twenty percent of the first $1,500.00 of Plaintiff John Burroughs damages including interest and ten percent of the remainder of such award and for an award to Plaintiff of a reasonable sum for attorney's

fees, for Plaintiff's costs incurred and expended herein, and for such other and further relief deemed appropriate under the circumstances.

<u>COUNT VIII FOR</u>
<u>ROSE BURROUGHS</u>

COMES NOW Plaintiff Rose Burroughs and restates and realleges all paragraphs and all counts above and in addition thereto states to the Court as follows:

136.    That she was and is the lawful wife of Plaintiff, John Burroughs the day of this crash.

137.    That as a result of the injuries to her husband, she has suffered a loss of his support, services, society, consortium, love and affection.

138.    That the uninsured motorist coverage provided by Defendant Allied Property and Casualty Insurance Company provides insurance coverage for Plaintiff Rose Burroughs loss of consortium claim for injuries to her husband caused in whole or part by a phantom motorist.

139.    That Plaintiff Rose Burrough's loss of consortium claim arise due to the negligence of Defendant Mackie, through their agent and servant Joseph Currie and an unknown phantom motorist.

WHEREFORE Plaintiffs pray judgment in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate them for their injuries, plus aggravated (punitive) damages, and Missouri

prejudgment interest, together with their costs and for such other relief this Court deems

just and proper under the circumstances.

P A G E ‖ C A G L E

By: __/s/ Joshua P. Myers_____
Joshua P. Myers, ED #511892
1232 Washington Ave., Suite 220
St. Louis, MO 63103
Phone:        (314)241-4555
Fax:          (314)241-4556
Email:        josh@pagecagle.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

A copy of the foregoing has been electronically sent by electronic mail (E-mail) via the Court's electronic filing system upon the following attorneys and parties herein on the 31st day of July, 2009:

Larry J. Tyrl
Tyrl & Bogdan
903 E. 104th, Suite 320
Kansas City, MO 64131
Phone:        (816) 943-5060
Fax:          (816) 943-5099
Email:        larry.tyrl@zurichna.com
ATTORNEY FOR DEFENDANT
MACKIE MOVING SYSTEMS CORP.

Kevin Myers
Danna McKitrick, P.C.
150 N. Meramec Ave., 4th Floor
St. Louis, Missouri  63105
Phone:        (314) 726-1000
Fax:           (314) 725-6592
E-mail:       kmyers@dmfirm.com
ATTORNEY FOR DEFENDANTAMCO INS. CO.


Richard B. Korn
Fox Galvin, LLC
One South Memorial Drive, 12th Floor
St. Louis, MO 63102
Phone:        (314)588-7000
Fax:           (314)588-1965
Email:        rkorn@foxgalvin.com
ATTORNEY FOR DEFENDANT
ZURICH AMERICAN INS. CO.

_____ /s/ Joshua P. Myers_____