IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN LEE BURROUGHS, et al )<br>                                 )<br>    Plaintiffs,                 )<br>                                 )<br>v.                                  )<br>                                 )<br>MACKIE MOVING SYSTEMS CORPORATION, )<br>ZURICH AMERICAN INSURANCE        )<br>COMPANY, et al.                )<br>                                 )<br>    Defendants.                ) | Case No. 4:07cv1944MLM |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Comes now defendant, Zurich American Insurance Company by and through its undersigned attorneys, Fox Galvin, LLC and for its Answer to Plaintiffs' Third Amended Complaint, states and alleges as follows:

**ANSWER TO FACTS COMMON TO ALL COUNTS**

1.     Based on information and belief, this defendant admits the allegations contained in Paragraph 1.

2.     Based on information and belief, this defendant admits the allegations contained in Paragraph 2.

3.     Based on information and belief, this defendant admits the allegations contained in Paragraph 3.

4.     Based on information and belief, this defendant admits the allegations contained in Paragraph 4.

5.     Based upon information and belief, this defendant admits the allegations contained in Paragraph 5.

6. The allegations of Paragraph 6 do not refer to this defendant and therefore, this defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 6.

7. The allegations of Paragraph 7 do not refer to this defendant and therefore, this defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 7.

8. This defendant admits the allegations contained in Paragraph 8.

9. This defendant admits the allegations contained in Paragraph 9.

10. This defendant admits the allegations contained in Paragraph 10.

11. The allegations of Paragraph 11 do not refer to this defendant and therefore, this defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 11.

12. The allegations of Paragraph 12 do not refer to this defendant and therefore, this defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 12.

13. Based upon information and belief, this defendant admits the allegations contained in Paragraph 13.

14. Based upon information and belief, this defendant admits the allegations contained in Paragraph 14.

15. Based upon information and belief, this defendant admits the allegations contained in Paragraph 15.

16. Based upon information and belief, this defendant admits the allegations contained in Paragraph 16.

17. Based upon information and belief, this defendant admits the allegations contained in Paragraph 17.

18. Based upon information and belief, this defendant admits the allegations contained in Paragraph 18.

19. Based upon information and belief, this defendant admits the allegations contained in Paragraph 19.

20. Based upon information and belief, this defendant admits the allegations contained in Paragraph 20.

21. Based upon information and belief, Currie was an agent, servant, employee and operator of a Mackie tractor trailer on or about March 9, 2007, but this defendant denies the balance of the allegations contained in Paragraph 21.

22. This defendant denies the allegations contained in Paragraph 22.

23. This defendant denies the allegations contained in Paragraph 23.

24. This defendant denies the allegations contained in Paragraph 24.

25. This defendant denies the allegations contained in Paragraph 25.

26. The allegations of Paragraph 26 call for a legal conclusion which this defendant has insufficient information to admit or deny and therefore denies the same.

27. This defendant denies the allegations contained in Paragraph 27.

28. This defendant denies the allegations contained in Paragraph 28.

29. This defendant denies the allegations contained in Paragraph 29.

30. This defendant denies the allegations contained in Paragraph 30.

## COUNT I
## NEGLIGENCE

Defendant Zurich American Insurance Company states that the allegations contained in Count I of plaintiffs' Third Amended Complaint do not pertain or relate to this defendant and therefore, this defendant makes no response thereto.  However, to the extent that any allegations contained in Count I may be construed against this defendant, said allegations are specifically denied.

## COUNT II

Defendant Zurich American Insurance Company states that the allegations contained in Count II of plaintiffs' Third Amended Complaint do not pertain or relate to this defendant and therefore, this defendant makes no response thereto.  However, to the extent that any allegations contained in Count II may be construed against this defendant, said allegations are specifically denied.

## COUNT III

Defendant Zurich American Insurance Company states that the allegations contained in Count III of plaintiffs' Third Amended Complaint do not pertain or relate to this defendant and therefore, this defendant makes no response thereto.  However, to the extent that any allegations contained in Count III may be construed against this defendant, said allegations are specifically denied.

## COUNT IV

68.    This defendant admits the allegations contained in Paragraph 68.

69.    This defendant admits that Zurich American Insurance Company issued a Trucker's Insurance Policy to Flying J Trucking which was in effect on March 9, 2007. Except as expressly admitted herein, the balance of the allegations contained in Paragraph 69 are denied.

70.    This defendant admits the allegations contained in Paragraph 70.

71.    This defendant denies the allegations contained in Paragraph 71.

72.    This defendant denies the allegations contained in Paragraph 72.

73.    This defendant denies the allegations contained in Paragraph 73.

74.    This defendant denies the allegations contained in Paragraph 74.

75.    This defendant denies the allegations contained in Paragraph 75.

76.    This defendant denies the allegations contained in Paragraph 76.

77.    This defendant admits the allegations contained in Paragraph 77.

78.    This defendant denies the allegations contained in Paragraph 78.

79.    This defendant denies the allegations contained in Paragraph 79.

WHEREFORE, having fully answered Count IV of plaintiffs' Third Amended Complaint, defendant Zurich American Insurance Company respectfully prays to be dismissed from this action with its costs.

## **COUNT V**

80.    This defendant has insufficient information to admit or deny the allegations contained in Paragraph 80 and therefore demands strict proof thereof.

81.    This defendant has insufficient information to admit or deny the allegations contained in Paragraph 81 and therefore demands strict proof thereof.

82.    This defendant denies the allegations contained in Paragraph 82.

83.    This defendant denies the allegations contained in Paragraph 83.

84. This defendant admits that the uninsured motorist (UM) policy limit for Policy No. TRK 8378464-10 issued to Flying J Inc. is $25,000, except as expressly admitted herein, defendant denies the balance of the allegations contained in Paragraph 84.

85. This defendant denies the allegations contained in Paragraph 85.

86. This defendant admits the allegations contained in Paragraph 86.

87. This defendant admits the allegations contained in Paragraph 87.

88. This defendant denies the allegations contained in Paragraph 88.

89. This defendant denies the allegations contained in Paragraph 89.

90. This defendant admits the allegations contained in Paragraph 90.

91. This defendant denies the allegations contained in Paragraph 91.

92. This defendant denies the allegations contained in Paragraph 92.

93. This defendant denies the allegations contained in Paragraph 93.

94. This defendant denies the allegations contained in Paragraph 94.

95. This defendant denies the allegations contained in Paragraph 95.

96. This defendant denies the allegations contained in Paragraph 96.

97. This defendant admits the allegations contained in Paragraph 97.

98. This defendant denies the allegations contained in Paragraph 98.

99. This defendant denies the allegations contained in Paragraph 99.

WHEREFORE, having fully answered Count V of plaintiffs' Third Amended Complaint, defendant Zurich American Insurance Company respectfully prays to be dismissed from this action with its costs.

**COUNT VI**

Defendant Zurich American Insurance Company states that the allegations contained in Count VI of plaintiffs' Third Amended Complaint do not pertain or relate to this defendant and therefore, this defendant makes no response thereto. However, to the extent that any allegations of Count VI may be construed against this defendant, said allegations are specifically denied.

**COUNT VII**

Defendant Zurich American Insurance Company states that the allegations contained in Count VII of plaintiffs' Third Amended Complaint do not pertain or relate to this defendant and therefore, this defendant makes no response thereto. However, to the extent that any allegations contained in Count VII may be construed against this defendant, said allegations are specifically denied.

**COUNT VIII**

Defendant Zurich American Insurance Company states that the allegations contained in Count VIII of plaintiffs' Third Amended Complaint do not pertain or relate to this defendant and therefore, this defendant makes no response thereto. However, to the extent that any allegations contained in Count VIII may be construed against this defendant, said allegations are specifically denied.

**AFFIRMATIVE DEFENSES**

1. In further answer to the plaintiffs' Third Amended Complaint and without waiving its denial of liability, this defendant states that plaintiffs' Third Amended Complaint fails to state a claim and cause upon which relief can be granted.

2. In further answer to plaintiffs' Third Amended Complaint and without waiving its denial of liability, this defendant states that if plaintiff John Lee Burroughs sustained damages as

alleged in the Third Amended Complaint, which defendant specifically denies, then the acts, omissions, negligence, fault, carelessness or other conduct of plaintiff, persons other than the alleged "phantom vehicle" or others not named as parties caused or directly contributed to cause any injuries or damages plaintiff sustained and said negligent acts, omissions and faults should be taken into account by the trier of fact.

3. In further answer to plaintiffs' Third Amended Complaint, and without waiving its denial of liability, this defendant states that any injuries sustained by the plaintiff were caused and/or contributed to by the contributory negligence of the plaintiff for one or more of the following actions:

(a) Failing to maintain control of his vehicle;

(b) Failure to maintain a proper lookout; and

(c) Failure to reduce speed to avoid contact with another vehicle on the highway.

4. In further answer to plaintiffs' Third Amended Complaint and without waiving its denial of liability, defendant states that any damages sustained by the plaintiff should be limited by plaintiffs' failure to mitigate his damages for lost future income by not seeking alternate employment which plaintiff would be capable to perform within his physical limitations.

5. By way of further answer and as an affirmative defense, defendant states that plaintiff's' claims for punitive damages are unconstitutional and the laws establishing the standards for granting and assessing such punitive damages are vague, ambiguous, and arbitrary, thereby violating this defendant's constitutional rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of Missouri, Article I, Section 10, and any law of the State of Missouri, whether enacted by the Missouri Legislature or founded upon decisions of the Missouri courts permitting plaintiffs to

recover such punitive damages is unconstitutional.

6. By way of further answer and as an affirmative defense, defendant states that plaintiff's' claims for punitive damages are unconstitutional to the extent that plaintiff's Complaint seeks to punish this defendant without protection of constitutional safeguards including, but not limited to, proof beyond a reasonable doubt, the right to a speedy trial, the prohibitions against double jeopardy and excessive fines, and freedom from self-incrimination during the discovery process and trial which is guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Missouri, Article I, Section 18(A) and Section 19; and any law of the State of Missouri, whether enacted by the Missouri Legislature or founded upon decisions of Missouri courts permitting plaintiffs to recover such punitive damages without protection of such safeguards is unconstitutional.

7. By way of further answer and as an affirmative defense, defendant states that plaintiff's claims for punitive damages against it cannot be sustained because any award of such damages under Missouri law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Missouri, Article I, Section 10, and would be improper under the common law and public policies of the State of Missouri and under applicable rules of Court and statutes of the State of Missouri.

8. By way of further answer and as an affirmative defense, defendant states that plaintiff's claims for punitive damages against it cannot be sustained because an award of such damages under Missouri law, subject to no pre-determined limit, such as a maximum multiple of

9

compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate its due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Missouri, Article I, Section 10, and would be improper under the common law and public policies of the State of Missouri.

9. By way of further answer and as an affirmative defense, defendant states that plaintiff's claims for punitive damages against it cannot be sustained because an award of such damages under Missouri law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of an award of punitive damages, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishments, (3) is not expressly prohibited from awarding punitive damages or determining the amount if an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate its due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Missouri, Article I, Section 10, and Article I, Section 2, and would be improper under the common law public policies of the State of Missouri.

WHEREFORE, defendant Zurich American Insurance Company having fully answered the allegations contained in plaintiffs' Third Amended Complaint prays to be dismissed with prejudice with costs assessed to the plaintiff.

                                                FOX GALVIN, LLC

By:   *s/Michael E. Donelson*
       Michael E. Donelson, #51755; ED #5225323
       One South Memorial Drive, 12th Floor
       St. Louis, MO 63102
       (314) 588-7000
       (314) 588-1965 (Fax)
       E-mail: MDonelson@foxgalvin.com

       Attorneys for Defendants
       Zurich American Insurance Company

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on <u>August 12, 2009,</u> the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

| | |
|---|---|
| Mr. John J. Page<br>Page Cagle, LLC<br>1232 Washington Avenue, Suite 220<br>St. Louis, MO 63103<br>Phone: 314-241-4555<br>Fax: 314-241-4556<br>E-mail: john@pagecagle.com<br>Attorney for Plaintiffs | Mr. John F. Cooney<br>DANNA MCKITRICK, P.C.<br>7701 Forsyth Boulevard<br>Suite 800<br>St. Louis, MO 63105-3907<br>Phone: 314-726-1000<br>Fax: 314-725-6592<br>Email: jcooney@dmfirm.com<br>Attorney for Defendant, AMCO Insurance Company |

Mr. Larry Tyrl
Tyrl & Bogdan
7045 College Blvd., Suite 800
Overland Park, KS 66211
Phone: 913-825-4650
Fax: 913-825-4674
Email: larry.tyrl@zurichna.com
Attorney for Defendant, Mackie Moving Systems Corporation

By:   *s/Michael E. Donelson*
       Michael E. Donelson, #51755; ED #5225323

11