**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **JOHN LEE BURROUGHS, et al.,**      ) | |
| ) | |
|     **Plaintiffs,**      ) | |
| ) | **Cause No. 4:07CV1944 MLM** |
| **vs.**      ) | |
| ) | **JURY TRIAL DEMANDED** |
| **MACKIE MOVING SYSTEMS**      ) | |
| **CORPORATION, et al.,**      ) | |
| ) | |
|     **Defendants.**      ) | |

**DEFENDANT AMCO INSURANCE COMPANY'S**
**SEPARATE ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

COMES NOW defendant **AMCO Insurance Company** (hereinafter "AMCO") and, for

its Separate Answer to Plaintiffs' Third Amended Complaint, states:

1)    Defendant AMCO states that it does not possess sufficient information to admit or

deny the allegations set forth in paragraph 1 of plaintiffs' Third Amended Complaint and must,

therefore, deny the same.

2)    Defendant AMCO states that it does not possess sufficient information to admit or

deny the allegations set forth in paragraph 2 of plaintiffs' Third Amended Complaint and must,

therefore, deny the same.

3)    Defendant AMCO states that it does not possess sufficient information to admit or

deny the allegations set forth in paragraph 3 of plaintiffs' Third Amended Complaint and must,

therefore, deny the same.

4)    Defendant AMCO admits that plaintiffs refer to defendant Mackie Moving

Systems Corporation as "Mackie" in their Third Amended Complaint.

5)      Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 5 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

6)      Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 6 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

7)      Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 7 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

8)      Defendant AMCO admits that venue is proper in this Court.

9)      Defendant AMCO admits that this Court has subject matter jurisdiction over this matter.

10)     Defendant AMCO admits the allegations set forth in paragraph 10 of plaintiffs' Third Amended Complaint.

11)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 11 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

12)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 12 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

13)     Defendant AMCO  states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 13 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

14)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 14 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

15)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 15 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

16)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 16 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

17)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 17 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

18)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 18 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

19)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 19 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

20)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 20 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

21)     Defendant AMCO denies the allegations set forth in paragraph 21 of plaintiffs' Third Amended Complaint.

22)     Defendant AMCO denies the allegations set forth in paragraph 22 of plaintiffs' Third Amended Complaint.

23)     Defendant AMCO denies the allegations set forth in paragraph 23 of plaintiffs' Third Amended Complaint.

24)     Defendant AMCO admits that Interstate Highway 70 is a public highway, a portion of which is situated within the geographical boundaries of the State of Missouri.

25)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 25 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

26)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 26 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

27)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 27 of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

28)     Defendant AMCO denies the allegations set forth in paragraph 28 of plaintiffs' Third Amended Complaint.

29)     Defendant AMCO denies the allegations set forth in paragraph 29 of plaintiffs' Third Amended Complaint.

30)     Defendant AMCO denies the allegations set forth in paragraph 30 of plaintiffs' Third Amended Complaint.

31)     Defendant AMCO denies each and every allegation set forth in the "Facts Common to All Counts" (which also includes a prayer for relief against unnamed defendants) other than those allegations that are hereinabove specifically admitted.

32)     Further answering, defendant AMCO states that the "Facts Common to All Counts" (which also includes a prayer for relief against unnamed defendants) fail to allege a cause of action as a basis for relief against this defendant.

WHEREFORE, having fully answered the "Facts Common to All Counts" (which also includes a prayer for relief against unnamed defendants), defendant AMCO Insurance Company respectfully prays to be dismissed from this action with its proper costs.

## **COUNT I**

Defendant AMCO Insurance Company makes no Answer to Count I of plaintiffs' Third Amended Complaint in that Count I is not directed against or applicable to this defendant, but is directed against defendant Mackie Moving Systems Corporation only.  To the extent that any of the allegations set forth in Count I of plaintiffs' Third Amended Complaint may be construed to constitute allegations against defendant AMCO Insurance Company, defendant AMCO denies each and every allegation set forth in Count I of plaintiffs' Third Amended Complaint.

## COUNT II

Defendant AMCO Insurance Company makes no Answer to Count II of plaintiffs' Third Amended Complaint in that Count II is not directed against or applicable to this defendant, but is directed against defendant Mackie Moving Systems Corporation only.  To the extent that any of the allegations set forth in Count II of plaintiffs' Third Amended Complaint may be construed to constitute allegations against defendant AMCO Insurance Company, defendant AMCO denies each and every allegation set forth in Count II of plaintiffs' Third Amended Complaint.

## COUNT III

Defendant AMCO Insurance Company makes no Answer to Count III of plaintiffs' Third Amended Complaint in that Count III is not directed against or applicable to this defendant, but is directed against defendant Mackie Moving Systems Corporation only.  To the extent that any of the allegations set forth in Count III of plaintiffs' Third Amended Complaint may be construed to constitute allegations against defendant AMCO Insurance Company, defendant AMCO denies each and every allegation set forth in Count III of plaintiffs' Third Amended Complaint.

## COUNT IV

Defendant AMCO Insurance Company makes no Answer to Count IV of plaintiffs' Third Amended Complaint in that Count IV is not directed against or applicable to this defendant, but is directed against defendant Zurich American Insurance Company only.  To the extent that any of the allegations set forth in Count IV of plaintiffs' Third Amended Complaint may be construed to constitute allegations against defendant AMCO Insurance Company, defendant

AMCO denies each and every allegation set forth in Count IV of plaintiffs' Third Amended Complaint.

## COUNT V

Defendant AMCO Insurance Company makes no Answer to Count V of plaintiffs' Third Amended Complaint in that Count V is not directed against or applicable to this defendant, but is directed against defendant Zurich American Insurance Company only.  To the extent that any of the allegations set forth in Count V of plaintiffs' Third Amended Complaint may be construed to constitute allegations against defendant AMCO Insurance Company, defendant AMCO denies each and every allegation set forth in Count V of plaintiffs' Third Amended Complaint.

## COUNT VI

COMES NOW defendant AMCO Insurance Company (again, improperly named as "Allied Property and Casualty Insurance Company" in Count VI of plaintiffs' Third Amended Complaint, but hereinafter referred to as "AMCO") and, for its Separate Answer to Count VI of plaintiffs' Third Amended Complaint, states:

33)     Defendant AMCO denies the allegations set forth in paragraph 100 of Count VI of plaintiffs' Third Amended Complaint.

34)     Defendant AMCO denies the allegations set forth in paragraph 101 of Count VI of plaintiffs' Third Amended Complaint.  Defendant AMCO admits that it issued policy number PPA0014673752-02 to plaintiffs and that said policy was in effect on March 9, 2007.

35)     Defendant AMCO denies the allegations set forth in paragraph 102 of Count VI of plaintiffs' Third Amended Complaint.  Defendant AMCO admits that, subject to the terms and

conditions of the policy, policy number PPA0014673752-02 provided uninsured motorist coverage.

36)      Defendant AMCO denies the allegations set forth in paragraph 103 of Count VI of plaintiffs' Third Amended Complaint.  Defendant AMCO admits that, subject to the terms and conditions of the policy, policy number PPA0014673752-02 provided uninsured motorist coverage to plaintiff John Burroughs on March 9, 2007.

37)      Defendant AMCO denies the remaining allegations set forth in paragraph 104 of Count VI of plaintiffs' Third Amended Complaint.  Defendant AMCO admits that, subject to the terms and conditions of the policy, policy number PPA0014673752-02 may provide coverage for bodily injury caused by "phantom motorists."

38)      Defendant AMCO denies the allegations set forth in paragraph 105 of Count VI of plaintiffs' Third Amended Complaint.

39)      Defendant AMCO denies the allegations set forth in paragraph 106 of Count VI of plaintiffs' Third Amended Complaint.

40)      Defendant AMCO denies each and every allegation set forth in Count VI of plaintiffs' Third Amended Complaint other than those allegations that are hereinabove specifically admitted.

41)      Further answering, defendant AMCO states that Count VI of plaintiffs' Third Amended Complaint fails to allege a cause of action as a basis for relief against this defendant.

42)      Further answering, defendant AMCO states that Count VI of plaintiffs' Third Amended Complaint does not set forth a prayer for relief against this defendant.

43)     Further answering and by way of affirmative defense, defendant AMCO states that whatever injury or damages, if any, were sustained on the occasion alleged were either caused or contributed to by the negligence or fault of plaintiff John Burroughs.

43)     Further answering and by way of affirmative defense, defendant AMCO states that whatever injury or damages, if any, were sustained on the occasion alleged were either caused or contributed to by the negligence or fault of Joseph Fred Currie.

WHEREFORE, having fully answered Count VI of plaintiffs' Second Third Amended Complaint, defendant AMCO Insurance Company respectfully prays to be dismissed from this action with its proper costs.

## COUNT VII

COMES NOW defendant AMCO Insurance Company and, for its Separate Answer to Count VII of plaintiffs' Third Amended Complaint, states:

44)     Defendant AMCO denies the allegations set forth in paragraph 107 of Count VII of plaintiffs' Third Amended Complaint.

45)     Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 108 of Count VII of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

46)     Defendant AMCO denies the allegations set forth in paragraph 109 of Count VII of plaintiffs' Third Amended Complaint.

47)     Defendant AMCO denies the allegations set forth in paragraph 110 of Count VII of plaintiffs' Third Amended Complaint.

48)      Defendant AMCO admits that, subject to the terms and conditions of the policy, policy number PPA0014673752-02 provided uninsured motorist coverage to plaintiff John Burroughs on March 9, 2007.

49)      Defendant AMCO admits that the limits of uninsured motorist coverage of policy number PPA0014673752-02 were $50,000.00 per person and $100,000.00 per accident.

50)      Defendant AMCO admits that three vehicles were covered under policy number PPA0014673752-02.

51)      Defendant AMCO admits that Missouri permits stacking of uninsured motorist coverage.

52)      Defendant AMCO denies the allegations set forth in paragraph 115 of Count VII of plaintiffs' Third Amended Complaint.

53)      Defendant AMCO denies the allegations set forth in paragraph 116 of Count VII of plaintiffs' Third Amended Complaint.

54)      Defendant AMCO admits the allegations set forth in paragraph 117 of Count VII of plaintiffs' Third Amended Complaint.

55)      Defendant AMCO admits the allegations set forth in paragraph 118 of Count VII of plaintiffs' Third Amended Complaint.

56)      Defendant AMCO denies the allegations set forth in paragraph 119 of Count VII of plaintiffs' Third Amended Complaint.  Defendant AMCO states that it is contractually obligated to pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury.

57)     Defendant denies the erroneous statement of law set forth in paragraph 120 of Count VII of plaintiffs' Third Amended Petition.

58)     Defendant AMCO admits the allegations set forth in paragraph 121 of Count VII of plaintiffs' Third Amended Complaint.

59)     Defendant AMCO admits the allegations set forth in paragraph 122 of Count VII of plaintiffs' Third Amended Complaint.

60)     Defendant AMCO denies the allegations set forth in paragraph 123 of Count VII of plaintiffs' Third Amended Complaint.

61)     Defendant AMCO admits that it has an internal policy to place the financial interest of the insured over its own financial interest when legally required to do so.

62)     Defendant AMCO admits that it received a letter dated January 29, 2009 from Joshua Myers addressed to Allied Insurance.

63)     Defendant AMCO admits that it maintains an office at 1100 Locust Street in Des Moines, Iowa.

64)     Defendant AMCO denies the allegations set forth in paragraph 127 of Count VII of plaintiffs' Third Amended Complaint.

65)     Defendant AMCO admits the allegations set forth in paragraph 128 of Count VII of plaintiffs' Third Amended Complaint.

66)     Defendant AMCO admits the allegations set forth in paragraph 129 of Count VII of plaintiffs' Third Amended Complaint.

67)     Defendant AMCO admits the allegations set forth in paragraph 130 of Count VII of plaintiffs' Third Amended Complaint.

68)     Defendant AMCO denies the allegations set forth in paragraph 131 of Count VII of plaintiffs' Third Amended Complaint.

69)     Defendant AMCO denies the allegations set forth in paragraph 132 of Count VII of plaintiffs' Third Amended Complaint.  Defendant states that said correspondence was left at an empty office formerly occupied by defense counsel.

70)     Defendant AMCO admits the allegations set forth in paragraph 133 of Count VII of plaintiffs' Third Amended Complaint.

71)     Defendant AMCO denies the allegations set forth in paragraph 134 of Count VII of plaintiffs' Third Amended Complaint.

72)     Defendant AMCO denies the allegations set forth in paragraph 135 of Count VII of plaintiffs' Third Amended Complaint.

73)     Defendant AMCO denies each and every allegation set forth in Count VII of plaintiffs' Third Amended Complaint other than those allegations that are hereinabove specifically admitted.

74)     Further answering, Defendant AMCO states that Count VII of plaintiffs' Third Amended Complaint fails to allege a cause of action as a basis for relief against this defendant.

WHEREFORE, having fully answered Count VII of plaintiffs' Third Amended Complaint, defendant AMCO Insurance Company respectfully prays to be dismissed from this action with its proper costs.


**COUNT VIII**

COMES NOW defendant AMCO Insurance Company and, for its Separate Answer to Count VIII of plaintiffs' Third Amended Complaint, states:

75)   Defendant AMCO states that it does not possess sufficient information to admit or deny the allegations set forth in paragraph 136 of Count VIII of plaintiffs' Third Amended Complaint and must, therefore, deny the same.

76)   Defendant AMCO denies the allegations set forth in paragraph 137 of Count VIII of plaintiffs' Third Amended Complaint.

77)   Defendant AMCO denies the allegations set forth in paragraph 138 of Count VIII of plaintiffs' Third Amended Complaint.

78)   Defendant AMCO denies the allegations set forth in paragraph 139 of Count VIII of plaintiffs' Third Amended Complaint.

79)   Defendant AMCO denies each and every allegation set forth in Count VIII of plaintiffs' Third Amended Complaint other than those allegations that are hereinabove specifically admitted.

80)   Further answering, defendant AMCO states that Count VIII of plaintiffs' Third Amended Complaint fails to allege a cause of action as a basis for relief against this defendant.

81)   Further answering and by way of affirmative defense, defendant AMCO states that whatever injury or damages, if any, were sustained on the occasion alleged were either caused or contributed to by the negligence or fault of plaintiff John Burroughs.

82)   Further answering and by way of affirmative defense, defendant AMCO states that whatever injury or damages, if any, were sustained on the occasion alleged were either caused or contributed to by the negligence or fault of Joseph Fred Currie.

83)     Further answering and by way of affirmative defense, defendant AMCO states that plaintiffs' prayer for punitive damages is barred under the plain language of the policy which provides that AMCO does not provide uninsured motorist coverage for punitive or exemplary damages.

84)     Further answering and by way of affirmative defense, defendant AMCO states that plaintiffs' prayer for punitive damages against AMCO in this action based on an insurance contract is barred by applicable Missouri law.

85)     Pleading further and affirmatively,  Plaintiffs' claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America, in the following particulars:

(a)     Plaintiffs' claim for punitive damages violates the Fifth Amendment for the following reasons:

(i)      The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon the defendant for the same act or omission, and because an award of punitive damages can be imposed upon the defendant even though the defendant was convicted or acquitted of a factually related offense in an underlying criminal proceeding;

(ii)     The Self-Incrimination Clause is violated because the defendant can be compelled to give testimony against himself;

(b)     Plaintiffs' claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed by a less than unanimous jury and

based upon a burden of proof applicable in civil cases, whereas punitive damages are a

fine or penalty and are quasi-criminal in nature;

(c)      Plaintiffs' claim for punitive damages violates the defendant's right to access to

the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of

an award of unlimited punitive damages chills the defendant's exercise of that right;

(d)      Plaintiffs' claim for punitive damages violates the Eighth Amendment guarantee

that excessive fines shall not be imposed;

(e)      Plaintiffs' claim for punitive damages violates the Due Process and Equal

Protection Clauses of the Fourteenth Amendment for the following reasons:

      (i)      The standard or test for determining the requisite mental state of the

      defendant for imposition of punitive damages is void for vagueness;

      (ii)      Insofar as punitive damages are not measured against actual injury to the

      plaintiff, and are left wholly to the discretion of the jury, there is no objective

      standard that limits the amount of such damages as may be awarded, and the

      amount of punitive damages that may be awarded is indeterminate at the time of

      the defendant's alleged egregious conduct;

      (iii)      In cases involving more than one defendant, the evidence of the net worth

      of each is admissible, and the jury is permitted to award punitive damages in

      differing amounts based upon the affluence of a given defendant;

      (iv)      The tests or standards for the imposition of punitive damages differ from

      state to state such that a specific act or omission of a given defendant may or may

      not result in the imposition of punitive damages, or may result in differing

amounts of punitive damages, depending upon the state in which suit is filed, such

that the defendant is denied equal protection of the law;

(v)     Punitive damages may be imposed without a requisite showing of hatred,

spite, ill will or wrongful motive.

WHEREFORE, having fully answered Count VII of plaintiffs' Second Amended

Complaint, defendant AMCO Insurance Company respectfully prays to be dismissed from this

action with its proper costs.

**DANNA MCKITRICK, P.C.**

By _____/s/ John F. Cooney_____
**John F. Cooney**, #2867
7701 Forsyth Boulevard, Suite 800
St. Louis, Missouri  63105
Phone:          (314) 726-1000
Fax:             (314) 725-6592
E-mail:         jcooney@dmfirm.com

**ATTORNEYS FOR DEFENDANT
AMCO INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

The undersigned certifies this 10th day of September, 2009,  that a true copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

John J. Page
john@pagecagle.com
Page Cagle, L.L.C.
1232 Washington Avenue, Suite 220
St. Louis, Missouri 63103
Attorneys for Plaintiffs

Larry Tyrl
larry.tyrl@zurichna.com
Tyrl & Bogdan
903 E. 104th, Suite 320
Kansas City, MO 64131

Attorney for Defendant
Mackie Moving

Richard B. Korn
Rkorn@foxgalvin.com
One South Memorial Drive
12th Floor
St. Louis, MO 63102
Attorney for Defendant
Zurich American Insurance Co.

      /s/ John F. Cooney

296468.wpd