UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN LEE BURROUGHS and ROSE BURROUGHS, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:07CV1944MLM |
| MACKIE MOVING SYSTEMS CORPORATION, ZURICH AMERICAN INSURANCE COMPANY, and AMCO INSURANCE COMPANY, ) ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Before the court is the Motion to Strike or, alternatively, Motion to Dismiss filed by Defendant Mackie Moving Systems ("Defendant Mackie"). Doc. 73. Plaintiffs John Lee and Rose Burroughs (jointly, "Plaintiffs") have filed a Response. Doc. 74. Defendant has filed a Reply. Doc. 78. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c). Doc. 52.

**STANDARDS OF REVIEW**

Defendant Mackie seeks to strike paragraphs 40, 45, and 46 of Count I and Count II of Plaintiffs' Third Amended Complaint pursuant to Fed. R. Civ. P. 12(f). Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In the alternative, Defendant Mackie seeks to dismiss paragraphs 40, 45, and 46 of Count I and Count II of Plaintiffs' Third Amended Complaint pursuant to Rule 12(b). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Upon considering a motion to dismiss a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Gregory v. Dillard's, Inc., 2009 WL 1290742 (8th Cir. May 12, 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir.2007)).

2

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 127 S. Ct. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in the broader context

## DISCUSSION

This action arises out of personal injuries sustained by Plaintiff John Lee Burroughs resulting from a tractor-trailer crash which occurred on March 9, 2007. Plaintiffs title Count I as Negligence and allege liability on the part of Defendant Mackie pursuant to the doctrine of respondeat superior based on the conduct of Defendant Mackie's employee Fred Currie who was allegedly driving the tractor-trailer. In paragraph 40 of Count I, Plaintiffs allege that Defendant Mackie failed to properly train Currie; that he was not qualified to operate the tractor-trailer; that he was operating the tractor-trailer in violation of the law; and that his behavior and conduct in this regard was reckless and intentional. In paragraph 45 of Count I, Plaintiffs allege that Defendant Mackie and Currie's conduct in violation of numerous Federal Motor Carrier Safety Regulations caused or contributed to the crash. In paragraph 46 of Count I, Plaintiffs allege that Defendant Mackie has a history of Federal Motor Carrier Safety Regulation violations and that this shows a complete indifference to and conscious disregard for the safety of the motoring public. In Count II, Plaintiffs allege Negligent Hiring, Supervising, Retention, and Training against Defendant Mackie.[1] Count II incorporates by reference

---

[1] Under Missouri law an employer may be liable under a theory of respondeat superior "for damages attributable to the misconduct of an employee or agent acting within the course and scope of the employment or agency." McHaffie v. Bunch, 891 S.W.2d 822, 825 (Mo. 1995) (en banc). Additionally, Missouri courts recognize a cause of action for "negligent hiring." Id. (citing Gaines v. Monsanto Co., 655 S.W.2d 568, 570-71 (Mo. Ct. App.1983). Missouri courts also

the allegations of Count I, including paragraphs 40, 45, and 46. In Count II, Plaintiffs seek punitive damages from Defendant Mackie. In particular, in Count II Plaintiffs allege that, among other things, Defendant Mackie had a duty to adequately train and supervise its employees and evaluate their job performance; that Defendant Mackie had statutory duties and duties to the general public in this regard; that Defendant Mackie breached its duties; that Defendant Mackie's conduct in this regard was willful, wanton, reckless, and intentional; and that punitive damages are appropriate based on this conduct of Defendant Mackie. In Count III, Plaintiffs allege Negligence Per Se. Count IV is titled Uninsured Motorist Count Against Defendant Zurich American Insurance Company and Count V is titled Vexatious Refusal to Settle Against Defendant Zurich American Insurance Company.

Defendant Mackie has admitted that Currie was its agent. Defendant Mackie argues, in support of the pending Motion, that Plaintiffs' allegations of Defendant Mackie's negligent hiring, training, and supervising as well as violations of the Federal Motor Carrier Safety Regulations are immaterial and highly prejudicial, and accordingly, should be stricken because they fail to state a claim or cause of action upon which relief can be granted. Doc. 73 at 5-6. In support of its Motion, Defendant Mackie cites McHaffie v. Bunch, 891 S.W. 2d 822, 826 (Mo. 1995) (en banc), in which the court held that "[t]he majority view is that once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against an employer on any other theory of imputed liability." (citations omitted). The court in McHaffie further explained:

> Once vicarious liability for negligence is admitted under respondeat superior, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed.

---

recognize claims for negligent supervision or training. G.E.T. ex rel. T.T. v. Barron, 4 S.W.3d 622, 624 (Mo. Ct. App.1999).

4

> The liability of the employer is fixed by the amount of liability of the employee. Helm v. Wismar, 820 S.W.2d 495, 497 (Mo. banc 1991).

Id. at 826-27.

The court in McHaffie, 891 S.W.2d at 826, held, however, that:

> ... . It may be possible that an employer or entrustor may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an entrustee or employee. *In addition, it is also possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee.* See Clooney v. Geeting, 352 So.2d at 1220.

(emphasis added).

Additionally, relying on McHaffie, a district court in this jurisdiction has held that *"negligent hiring or retention* is *independent of respondeat superior* liability for the negligent acts of an employee acting within the scope of his employment." Miller v. Crete Carrier Corp., 2003 WL 25694930, at *3 (E.D. Mo. Aug. 7, 2003) (unreported) (emphasis added) (citing Gaines v. Monsanto, 655 S.W.2d 568, 570 (Mo. Ct. App. 1983)). See also Jackson v. Wiersema Charter Serv. Inc., 2009 WL 1210064, at *1 (E.D. Mo. May 11, 2009) (denying a motion to dismiss where the plaintiff alleged liability based on respondeat superior and liability based on the employer's own actions which could result in punitive damages). In the matter under consideration Plaintiffs allege liability on the part of Defendant Mackie based on respondeat superior as well as liability based on Defendant Mackie's own actions, including the failure to follow Federal Motor carrier Safety Regulations and properly train its employees. Moreover, Plaintiffs seek punitive damages from Defendant Mackie based on Defendant Mackie's own conduct. McHaffie, therefore, does not support the position of Defendant Mackie that paragraphs 40, 45, and 46 of Count I and Count II of Plaintiffs' Third Amended Complaint should be dismissed.

As such, the court finds that paragraphs 40, 45, and 46 of Count I and II of Plaintiffs' Third Amended Complaint are not immaterial, impertinent, or scandalous, and that, therefore, Defendant

Mackie's Motion to Strike pursuant to Rule 12(f) should be denied. Additionally, the court finds that Plaintiffs have sufficiently alleged causes of action in Counts I and II and that, therefore, Defendant Mackie's alternative Motion to Dismiss based on Rule 12(b)(6) should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Strike or, alternatively, to Dismiss, filed by Defendant Mackie is **DENIED**; Doc. 73

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of February, 2010.